**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| TIM ROBERTS and JAMES ROBERTS, as Surviving Sons and Heirs at Law, Individually and on behalf of the Estate of TED HILTON ROBERTS, Deceased, : : : : : | |
| Plaintiffs, : | |
| vs. : | 1:04-CV-173 (WLS) |
| : | |
| EDD COLBERT JONES, M.D. WILLIAM, J. HAMMOND, M.D., ROBERT, HAMMOND AND JONES, M.D., P.C. FLEMING BURROUGHS, M.D., and DORIMINY MEDICAL CENTER FOUNDATION, INC. d/b/a DORIMINY MEDICAL CENTER, : : : : : : : | |
| Defendants. : | |

**ORDER**

Presently pending before the Court are Defendants' motions to dismiss. (Tabs 3, 6, 11). For the following reasons, Defendants' motion to dismiss for failure to timely perfect service (Tab 3) is **DENIED**. Defendants' motions to dismiss for failure to file an expert affidavit (Tabs 6, 11) are **DENIED.**

**BACKGROUND**

The instant suit was filed against all Defendants on November 22, 2004. (Tab 1). The case involves the medical treatment received by Plaintiffs' decedent Ted Hilton Roberts ("Roberts') from October 30, 2000, through November 19, 2000. The case was originally filed against Defendants on November 18, 2002, in the Macon Division and was transferred to the Albany Division on February 26, 2003. Roberts v. Jones, 1:03 -CV-37 (WLS). On March 26, 2004, Defendants moved for summary judgment in the original case for failure of Plaintiffs to identify an expert according to the Court's scheduling/discovery order. Plaintiffs did not respond to Defendants' motions for summary judgment and subsequently, because of Plaintiffs' counsel's

1

illness, asked Defendants' counsel to agree to a voluntary dismissal of the action. A stipulation of dismissal was filed and made the order of the Court on May 24, 2004. (Tab 62, Roberts v. Jones, 1:03 -CV-37 (WLS)). The stipulation of dismissal was without prejudice.

The present action is a renewal action and was filed on November 22, 2004. The Court takes judicial notice that Thanksgiving fell on November 25, 2004. The statute of limitations expired under the Georgia renewal statute on or about November 24, 2004. O.C.G.A. § 9-11-61. Plaintiffs did not make any attempts to obtain waivers or otherwise perfect service until December 17, 2004, twenty-five days after the complaint was filed and twenty-one days after the statute of limitations had run. Defendants Edd Colbert Jones, III, M.D. ("Jones"), William J. Hammond, M.D. ("Hammond") and Robert, Hammond and Jones, M.D., P.C. ("RHJ") move to dismiss for failure to perfect service within the statute of limitations. (Tab 3). Defendants Doriminy Medical Center Foundation, Inc., d/b/a Dorminy Medical Center ("Dorminy") and Fleming Burroughs, M.D. ("Burroughs") move to dismiss the complaint for failure to file an expert affidavit. (Tabs 6, 11).

**DISCUSSION**

In a diversity action, state law statutes of limitations and commencement of actions rules are considered substantive rules and are applicable in federal court. Guaranty Trust Co. v. York, 65 S.Ct. 1464 (1945); Cambridge Mutual Fire Ins. Co. v. City of Claxton, 720 F.2d 1230 (11th Cir. 1983). Georgia law, like federal law, states that an action is commenced with the filing of the complaint with the court. O.C.G.A.§ 9-11-3; Fed.R.Civ.Pro. 3. The Georgia statute is limited, unlike the federal rule, by the next statute which impacts the running of the statute of limitations. O.C.G.A. § 9-11-4(c) provides that service is to made within five days of the filing of the complaint.

Georgia cases interpreting the language of O.C.G.A. §§ 9-11-3 and 9-11-4 state that the filing of the complaint does not toll the statute of limitations unless the plaintiff exercises diligence and ensures the complaint is served "as quickly as possible." Childs v. Catlin, 134 Ga.

App. 778 (1975). "Filing is still not the commencement of suit unless followed by service within a reasonable time, but once service is perfected upon a defendant, it will relate back to the original date of the filing which will be considered the date of the commencement of the law suit." Franek v. Ray, 239 Ga. 282, 285-86 (1977). It is the plaintiff's responsibility to ensure timely service. Deal v. Rust Engineering Co., 169 Ga. App. 60 (1983). Where the statute of limitations runs between the date of filing and the date of service, the plaintiff must be especially diligent in perfecting service as soon as possible. Zeigler v. Hambrick, 257 Ga. App. 356 (2002).

Under Georgia law, there are essentially three rules governing service of process in cases where the statute of limitations has expired. First, if service is made within five days after the statute expires, service will relate back to the timely filing. O.C.G.A. § 9-11-4(c); Williams v. Colonial Ins. Co., 199 Ga. App. 760 (1991). This rule does not apply because there is no evidence that any of the movants were served within the "safe harbor" of § 9-11-4(c). The second rule allows a court more discretion. If service is not perfected within the five-day period, but some action is taken, and the plaintiff makes a showing that he acted reasonably and diligently to insure service was made as quickly as possible, service may relate back to the timely filing of the complaint. Busby v. Webb, 247 Ga. App. 781 (2001). The plaintiff's diligence is measured from the date the complaint was filed, not the date the statute of limitations runs. Georgia Farm Bureau Mutual Ins.Co. v. Kilgore, 216 Ga. App. 384 (1995), aff'd, 265 Ga. 836 (1995). Further the burden in on the plaintiff to show that failure to perfect service within the five days was not the plaintiff's fault. Busby v. Webb, 247 Ga. App. 781 (2001). The third rule governs where the five day grace period has expired and plaintiff has failed to show that he diligently tried to serve defendant. In this case, the court must dismiss the case. Anderson v. Hughes, 196 Ga. App. 186 (1990).

Defendants Jones, Hammond and RHJ argue that the third rule applies. According to Defendants, Plaintiffs took no action to serve Defendants during the five-day safe harbor period. Service was ultimately perfected on December 17, 2004, twenty-five days after the complaint

was filed and twenty-one days after the statute of limitations had run.

Plaintiffs argue that they acted diligently and that service should relate back to the time of filing the complaint. Plaintiff acknowledges that O.C.G.A. § 9-11-4(c) controls and that by seeking to comply with Fed.R.Civ.Pro. 4, they acted reasonably. Rule 4 requires litigants to try to cooperate in saving litigation costs by waiving service.  Plaintiffs argue that the staff member responsible for service of process in counsel's office was ill from November 29, 2004, until December 6, 2004. As noted previously, the Court takes judicial notice that Thanksgiving fell on November 25, 2004, a few days after the filing of the complaint. Also, the Thanksgiving holiday weekend fell on the expiration of the five-day safe harbor.  Likewise, even though the waivers of service were dated December 17, 2004, there is nothing in Rule 4 that requires a more aggressive date for mailing the waiver to Defendants. The Court also notes that Defendants also knew, or should have known, that the statute of limitations had expired and they accepted service by waiver without complaint. Plaintiffs correctly point out that they are not required to perfect service within the five-day period, and that the five-day period specifically applies to the process server. Jackson v. Doe, 243 Ga. App. 210 (2000).

The real question in cases such as this is:

Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that [s]he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If [s]he were, of course [s]he would be barred, but if [s]he acted in a reasonably diligent manner then [s]he would not be. (Citations and punctuation omitted.) *Freemon v. Dubroca,* 177 Ga.App. 745(2), 341 S.E.2d 276 (1986). See also *Childs,* 134 Ga.App. at 781, 216 S.E.2d 360. "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *Freemon,* 177 Ga.App. at 746(2), 341 S.E.2d 276. Relation back is not dependent on whether service was accomplished within five days of the filing of the complaint.

Jackson v. Doe, 243 Ga.App. 210, 211-212 (2000).[1] Plaintiffs' further argue that the cases relied on by Defendants can be distinguished on the fact that the plaintiffs knew or should have known that there was some problem getting the defendant served and the plaintiffs took no action.

A review of the cases relied upon by both sides support both a limiting and expansive view of their positions. The problem is that the cases do not give a clear directive in situations like the present. The consistent language in all of the cases cited by the parties is the requirement that the plaintiff act in a "reasonable and diligent manner" in perfecting service. See, also, Walters v. Stone, 1:01-CV-102 (WLS)(plaintiff inquired with a process server, found him to be too expensive and then took no further action).

It cannot be said that in complying with § 9-11-4(c) should also, in all circumstances, prevent a Plaintiff from complying with the letter and the spirit of the of Rule 4. The parties have produced no cases so holding and the Court could not find any. The only time limit in Rule 4 is the 120 day maximum, without some reasonable explanation, for failure of service. In all of the federal cases discussing the relationship between Rule 4 and § 9-11-4(c), the plaintiffs came close to failing to serve the defendant within the 120 day time limit. See, Lau v. Klinger, 46 F.Supp.2d 1377 (S.D.Ga. 1999); Robinnette v. Johnston, 637 F.Supp. 922 (M.D.Ga. 1986). Likewise, Defendants could have refused to waive service, thereby, clearly indicating that the issue of the statute of limitations was an issue. Instead, the individual Defendants executed the waivers in late December and in January Defendants' counsel sent copies of the executed waivers to Plaintiffs' counsel. At no time did it appear that Defendants challenged whether the suit was timely filed under Georgia or federal law or they intended to reserve that issue. Knowing, among other things, that the statute of limitations was about to expire, it can not be said that Plaintiffs acted unreasonably and without diligence in perfecting service on Defendants Hammond, Jones, and RHJ simply by following Rule 4. The Court finds that under all the

---

[1]. In light of Jackson, O.C.G.A. § 9-11-4(c) and Fed.R.Civ.Pro. 4, it is not reasonable to read "proper service" as to exclude all service other than personal service.

circumstances, Plaintiffs actions to serve Defendants by seeking waiver of service pursuant to Rule 4 within 25 days of filing the complaint was reasonable and diligent.  Therefore, Defendants', Hammond, Jones, and RHJ, motion to dismiss for failure to timely perfect service (Tab 3) is **DENIED.**[2]

Defendants Dorminy Medical Center and Burroughs did not move to dismiss for failure to timely perfect service.  Instead, they moved to dismiss based on Plaintiffs' failure to include an expert affidavit with the complaint, or within 45 days of the filing thereof.  (Tab 6, 11); see, O.C.G.A. § 9-11-9.1.

This Court finds that it is well settled law that in a diversity action the Georgia statute, O.C.G.A. § 9-11-9.1, requiring plaintiffs to file an affidavit of an expert is inapplicable. The sufficiency of a plaintiff's complaint is judged by the standard set out in Federal Rule 8(a) which does not require the affidavit of an expert.  See, Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136 (1965); Caster v. Hennessey, 781 F.2d 1569 (11th Cir. 1986); Baird v. Celis, M.D., et. al., 41 F. Supp.2d 1358 (N.D. Ga. 1999).  Therefore, Defendants', Burroughs and Dorminy Medical Center, motions to dismiss (Tabs 6, 11) should be, and hereby are, **DENIED.**

**SO ORDERED**, this  9th  day of May, 2005.

     /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[2]. Plaintiffs attempt to argue that the waiver language contained in the waiver of service form prepared pursuant to Rule 4, waives Defendants' objection in this case.  The waiver language only pertains to technical defects in service, such as leaving the complaint with an underage person, not the jurisdictional requirements of complying with the statute of limitations or the commencement of actions.