IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIM ROBERTS and JAMES ROBERTS, as Surviving Sons and Heirs at Law, Individually and on behalf of the Estate of TED HILTON ROBERTS, Deceased, | : : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 1:04-CV-173 (WLS) |
| EDD COLBERT JONES, M.D. WILLIAM, J. HAMMOND, M.D., ROBERT, HAMMOND AND JONES, M.D., P.C. FLEMING BURROUGHS, M.D., and DORIMINY MEDICAL CENTER FOUNDATION, INC. d/b/a DORIMINY MEDICAL CENTER, | : : : : : : : | |
| Defendants. | : | |

_____

**ORDER**

Presently pending before the Court are Defendants Roberts, Hammond and Jones, M.D., P.C.'s (hereinafter the "Roberts Defendants") motion for reconsideration of the order denying their motion to dismiss. (Tab 20). Also, pending is Plaintiff's motion for a ten day extension to file their expert disclosures. (Tab 40). Further, pending is Defendant Burroughs' motion to compel (Tab 46) and the Roberts Defendants' motion to compel. (Tab 48). For the following reasons, the Roberts Defendants' motion for reconsideration (Tab 20) is **DENIED**; Plaintiffs' motion for a 10 day extension (Tab 40) is **GRANTED**; and Burroughs' and the Roberts Defendants' motions to compel (Tabs 46, 48) are **GRANTED.**

**DISCUSSION**

A review of the Roberts Defendants' motion for reconsideration of their motion to dismiss reveals that it is a reiteration of the original motion. (Tab 20). Local Rule 7.6 provides that such motions are not to be filed as a matter of course but only when "absolutely necessary." L.R. 7.6. Likewise, one Court has held that motions for reconsideration are

1

limited to three circumstances: (1) where there is newly discovered evidence; (2) where there is a new development or change in case law; or, (3) where the Court needs to correct a clear error of law or fact. Bryan v. Murphy, 246 F.Supp.2d 1256 (N.D.Ga. 2003). Arguably, none of those factors are present in this case. Therefore, the Roberts Defendants' motion for reconsideration (Tab 20) is **DENIED.**

While this case has a long history as a result of this being a renewal action and part of that history involves Plaintiffs' failure to comply with discovery requests and the identification of experts, the ten day period requested by Plaintiff has come and past. Therefore, Plaintiffs' motion for a ten day extension to file expert disclosures, up to and through **Monday, September 19, 2005**, (Tab 40) is **GRANTED.** In order to be consistent with this order, Plaintiffs shall have ten (10) days from entry of this order to file said disclosures.

Defendant Burroughs and the Roberts Defendants have filed separate motions to compel. (Tabs 46, 48). Plaintiffs responded to the motions saying that they complied with said requests soon after the motions were filed. (Tab 53). It appears that as of October 11, 2005, the Roberts Defendants maintain that they have yet to be served with the said discovery responses. As it appears that the discovery responses, if served, were untimely, and that at least some are still outstanding, Defendants' motions to compel (Tabs 46, 48) are **GRANTED.** Plaintiffs' shall serve said discovery response **no later than Monday, November 14, 2005.** Further, as Rule 37 provides for attorney's fees and cost for bringing a motion to compel, Defendants shall have until **Monday, November 14, 2005,** to file the appropriate documentation in support of their request for fees and cost. Plaintiffs shall have until **Monday, November 28, 2005,** to file their response.

SO ORDERED, this  7th  day of November, 2005.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**