**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **TIM ROBERTS, et al.**, : | |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | 1:04-CV-173 (WLS) |
| : | |
| **EDD COLBERT JONES, III, MD**, : | |
| **ET. AL.**, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER**

Before the Court are numerous motions filed by Defendants. All of the Defendants have filed individual motions for summary judgment based on the contention that Plaintiffs are unable to show that Defendants breached the standard of care. (Tab 49, 58, 65). Essentially, Defendants argue that Plaintiffs' inability to produce an expert to testify that Defendants breached the standard of care, Plaintiffs' cannot establish a prima facie case of medical malpractice. After seeking an extension to respond to the motions, Plaintiffs have now filed responses to the motions conceding the motions. (Tabs 71, 72, 73). Georgia law is clear that a plaintiff in a medical malpractice case must produce some medical testimony that the defendant failed to comply with the standard of care. Killingsworth v. Poon, 167 Ga. App. 653 (1983). Therefore, based on Plaintiffs' lack of opposition, the record and Georgia law, Defendants' motions for summary judgment (Tabs 49, 48, 65) are **GRANTED.**

Also, pending are Defendants Roberts, Hammond and Jones, M.D., P.C.'s motion to compel (Tab 68) and motion for attorney's fees. (Tab 74). As all of the Defendants' motions for summary judgment have been granted, the motion to compel (Tab 68) is **DENIED as moot.** Defendants did not file their supporting documentation for fees until after the deadline set by the Court, therefore, the motion for attorney's fees (Tab 74) is **DENIED.** All other pending motions, if any, are **DENIED as moot.**

**SO ORDERED**, this   23rd   day of **December, 2005.**

   /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**